By .the Court :
This indictment is founded on Section, 13104, General Code, which reads as follows:
“Section 13104. Whoever, by false pretense and with intent to defraud, obtains anything of *271 value or procures' the signature o£ another as maker, indorser or guarantor to a bond, bill, receipt, promissory note, draft, check, or other evidence of indebtedness or whoever sells, barters or disposes of a bond, bill, receipt, promissory note, draft or check or offers so to do, knowing the signature of the maker, indorser or guarantor thereof, to have been obtained by false pretense, if the value of the property or instrument so procured, sold, bartered or disposed of, or offered to be sold, bartered or disposed of, is thirty-five dollars or more, shall be imprisoned in the penitentiary not less than one year nor more than three years, or, if less than that sum, shall be fined not less than ten dollars nor more than one hundred dollars or imprisoned not less than ten days nor more than sixty days, or both.”
Attention to the language, and the punctuation, of this section, will disclose that it was the manifest intention of the legislature to enact that the intent to defraud shall be an essential element of the offense. “Whoever, by false pretense and with intent to defraud, obtains anything of value,” etc.
An indictment under this section should set forth that the property or money was obtained with intent to defraud, as well as, that it was obtained by false pretense.
Where a criminal statute makes a certain intent an essential element of an offense, that intent must be averred directly and specifically in an indictment under such statute by proper affirmative averment. Drake v. State, 19 Ohio St., 211; *272 Kennedy v. State, 34 Ohio St., 310-316; Coblentz v. State, 84 Ohio St., 235.
The allegation of the instrument in question, is as follows: “By which said false pretenses the said Finley H. Mutchler did then and there obtain from the said Joseph Wild a certain draft for the payment of money, which said certain draft was then and there of the amount and value of $1,000 and of the personal property of the said Joseph Wild.” There is no averment that the property was obtained with intent to defraud. In as much as the legislature has plainly provided that the intent to defraud shall constitute one of the essential elements of the crime, we are forced to hold, that the indictment in question in this case, does not meet the requirements of well settled rules, or secure to the defendant the constitutional safeguard of the right to demand the nature and cause of the charge against him, so as to directly and specifically advise him of what he must prepare to meet. The judgment of the circuit court will be affirmed.

Judgment affirmed.

Davis, C. J., Johnson, Donahue and O’Hara, JJ., concur.
Shauck, J., not participating.